UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        v.

PAUL KOZLYUK,

        Defendant.

_____

**DECISION AND ORDER**

6:17-CR-06041 EAW

Defendant Paul Kozlyuk ("Defendant") was convicted of aiding and abetting the unlawful transfer, possession, and use of identification documents, authentication features, and information in violation of 18 U.S.C. §§ 1028(a)(7), (b)(1)(D) and 2, and sentenced by the undersigned to 27 months in prison, three years supervised release, and almost $100,000 in restitution.  (Dkt. 153).  On July 26, 2021, Defendant filed a motion seeking early termination of his supervised release.  (Dkt. 156).  The government filed papers opposing the motion.  (Dkt. 158).  In addition, the United States Probation Office submitted a memorandum dated August 9, 2021, opposing the request for early termination on the ground that Defendant has not made consistent monthly payment towards his restitution, of which $73,356.67 remained outstanding at the time of that memorandum.  (Dkt. 159).

Section 3583(e)(1) of Title 18 of the United States Code states, in relevant part, as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the

>   modification of probation, if it is satisfied that such action is warranted by
>   the conduct of the defendant released and the interest of justice. . . .

Thus, pursuant to the express terms of § 3583(e)(1), at least one year of supervised release must have been served, the applicable factors set forth at 18 U.S.C. § 3553(a) must be considered, and a court must be satisfied that the early termination is warranted by the conduct of the defendant and the interest of justice. "Simply complying with the terms of [supervised release] . . . and not reoffending does not generally constitute the type of extraordinary circumstances justifying early termination. . . ." *United States v. Finkelshtein*, 339 F. Supp. 3d 135, 136 (W.D.N.Y. 2018); *see, e.g., United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law."); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [defendant's] . . . post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.").

Here, Defendant has served the necessary time on supervised release to qualify for an early termination. Furthermore, it is commendable that Defendant appears to be taking positive steps in his life. However, the requested relief is neither warranted based on the applicable factors set forth at 18 U.S.C. § 3553(a) nor is it in the interest of justice. Specifically, in reaching this conclusion, the Court has considered the seriousness of Defendant's offense of conviction, his criminal history involving other fraudulent behavior, the outstanding restitution and Defendant's failure to make consistent payments toward restitution, and the need to avoid unwarranted sentencing disparities among those

also convicted of the scheme with which Defendant was involved. Defendant has failed to establish that early termination of his supervised release is warranted under the circumstances.

Based on all the relevant factors, the Court concludes that Defendant's request to terminate his supervised release term early is not warranted. Therefore, the Court denies Defendant's motion. (Dkt. 156).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: December 6, 2021
       Rochester, New York